# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOY TERRELL SMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>J. TORRES, *et al.*,<br><br>    Defendants. | Case No. 1:16-cv-01924-LJO-JDP<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS<br><br>ECF No. 45<br><br>ORDER DIRECTING DEFENDANTS TO SUBMIT DOCUMENTS FOR IN CAMERA REVIEW<br><br>14-DAY DEADLINE<br><br>ORDER DENYING MISC MOTIONS<br><br>ECF Nos. 44, 48 |

Plaintiff is a state prisoner proceeding without counsel and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. On July 20, 2018, defendant J. Acebedo moved for summary judgment. ECF No. 39. In support of the motion, defendant attached "as Exhibit A . . . a true and correct copy of the relevant portions of the deposition transcript from Plaintiff Toy Terrell Smith's deposition taken on May 8, 2018, in Corcoran, California." *See* ECF No. 39-6 at 1. In accordance with this district's local rules, defendants lodged a copy of the deposition transcript on October 18, 2018. ECF No. 47.

On October 15, 2018, plaintiff filed a motion to compel seeking production of: (1) the complete deposition transcript; and (2) a confidential inquiry report with respect to plaintiff's administrative grievance against Counselors Hoggard and Torres. ECF No. 45. Defendants

have indicated in a response to the motion to compel that: (1) they did not provide a copy of the deposition transcript because plaintiff is required to pay the court reporter to receive it; and (2) they did not produce the confidential inquiry report because it is protected by the official-information privilege and the contents of the report are not relevant. ECF No. 51 at 2.

The court acknowledges that normally a deponent is required to pay "reasonable charges" to the deposition officer to obtain a copy of the deposition transcript. *See* Fed. R. Civ. P. 30(f)(3). But, considering plaintiff's lack of resources as an indigent prisoner proceeding without counsel, the interests of justice in this case require that plaintiff be served with a complete copy of his deposition transcript. *See* Fed. R. Civ. P. 1 (the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action"). Accordingly, defendants are ordered to produce a copy of the complete deposition transcript and exhibits within 14 days of this order.

The court will reserve ruling on production of the confidential inquiry report. Defendants are directed to submit the documents in question to the court for *in camera* review within 14 days of this order.

Finally, plaintiff's motion to request a telephonic discovery and status conference, ECF No. 44, is denied. The requested conference is not necessary at this time. Plaintiff's motion for a copy of an order, ECF No. 48, is denied as moot because the requested relief has been granted. *See* ECF No. 50.

**ORDER**

Accordingly,

1. Plaintiff's motion to compel is granted in part. ECF No. 45.
2. Within 14 days of this order, defendants are ordered to:
   a. produce a copy of plaintiff's complete deposition transcript and exhibits; and
   b. submit to the court for *in camera* review documents responsive to plaintiff's request for production No. 6 withheld based on defendants' privacy rights and

official information privilege. *See* ECF No. 51-1 at 15-17. The documents may be submitted to jdporders@caed.uscourts.gov. No further argument shall be submitted unless specifically requested by the court.

3. Plaintiff's motion to request a telephonic discovery and status conference, ECF No. 44, is denied.

4. Plaintiff's motion for a copy of an order, ECF No. 48, is denied as moot.

IT IS SO ORDERED.

Dated: November 23, 2018

UNITED STATES MAGISTRATE JUDGE

3