UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOY TERRELL SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>J. TORRES, *et al*.,<br><br>        Defendants. | Case No. 1:16-cv-01924-LJO-JDP<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br><br>ECF No. 42 |

      Plaintiff Toy Terrell Smith is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He is proceeding on an Eighth Amendment failure to protect claim in his first amended complaint, ECF No. 10, against defendants J. Torres, M. Hoggard, and J. Acebedo,[1] *see* ECF No. 11. Plaintiff alleges that he was improperly approved for transfer from California State Prison-Corcoran ("Corcoran") to Kern Valley State Prison ("KVSP"), where he had previously been involved in a racial riot. *See id*. at 12-13. Upon his return to KVSP, plaintiff was attacked by another KVSP inmate. *See id*. at 15.

---

[1] Plaintiff has filed a motion to dismiss his claims against J. Acebedo, which is currently pending. *See* ECF Nos. 52, 53. The allegations in the first amended complaint as to J. Acebedo are therefore not summarized in this order.

1

Plaintiff alleges that, at a January 21, 2016 Institutional Classification Committee ("ICC") hearing at Corcoran before his transfer to KVSP, correctional counselor Torres refused to enter plaintiff's written statement about known threats into the classification record and that she had knowledge of the threats when she recommended that plaintiff be sent back to KVSP. *See id*. at 12-13. Plaintiff filed an administrative grievance against counselor Torres. *See id*. at 13. Correctional counselor Hoggard interviewed plaintiff concerning the grievance. *See id*. Plaintiff alleges that counselor Hoggard had the authority to alter the decision to transfer plaintiff to KVSP but chose to leave the transfer in place. *See id*.

### A. Proposed amendment

Plaintiff has filed a motion for leave to file an amended complaint. ECF No. 42. He seeks to add two additional defendants who were purportedly involved in the events giving rise to the failure to protect claim. *See id*. at 1. Although plaintiff has not filed a proposed amended complaint, his motion has provided the "exact terms" of the proposed amendment. *See id*. at 2-4. He alleges that proposed new defendant Warden D. Davey "shares in the responsibility" for his injury because Davey "signed off on an administrative appeal filed against defendants J. Torres and M. Hoggard for improper actions against him at an [ICC] hearing that resulted in him suffering serious injury." *Id*. at 2-3. Plaintiff further alleges that proposed new defendant Chief Deputy Warden M. Sexton "shares mutual responsibility in violation of plaintiff's constitutional rights" because Sexton chaired the January 21, 2016 ICC hearing with counselors Torres and Hoggard. *See id*. at 4.

### B. Applicable law

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill*., 137 S. Ct. 911, 916 (2017). To state a claim under Section 1983, a plaintiff must allege that a defendant, while acting under color of state law, personally participated in the deprivation of a right secured by federal law. *See Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). A defendant personally participates in the deprivation "if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of

which complaint is made." *Atayde v. Napa State Hosp.*, 255 F. Supp. 3d 978, 988 (E.D. Cal. 2017) (quoting *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012)). Vague and conclusory allegations of personal involvement in an alleged deprivation do not suffice. *Id*.

"Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*." *Id*. Thus, when a plaintiff names a supervisor as a defendant, "the causal link between him or her and the claimed constitutional violation must be specifically alleged." *Id*. (citations omitted). A plaintiff can satisfy this requirement by alleging that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011).

Prison officials can be held liable for a violation of a prisoner's Eighth Amendment rights if they act with "deliberate indifference to the threat of serious harm or injury to an inmate." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013). Liability for failure to protect "may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 847 (1994)).

**C. Analysis**

Plaintiff's proposed amendment fails to state a plausible claim against either Warden Davey or Chief Deputy Warden Sexton, the two additional proposed defendants. We will deny the motion for leave to file an amended complaint, ECF No. 42, because the proposed amendment is futile as to both proposed new defendants. *See Gadda v. State Bar of Cal.*, 511 F.3d 933, 939 (9th Cir. 2007) (denial of leave to amend appropriate where proposed amendments would be futile).

The only alleged involvement of proposed defendant Davey is that he "signed off on an administrative appeal" against defendants Torres and Hoggard complaining about their actions at the ICC hearing that resulted in plaintiff's return to KVSP. *See* ECF No. 42 at 2-3. Davey took this action on March 23, 2017, ECF No. 42 at 2, almost a year following the April 12, 2016 attack on plaintiff at KVSP, ECF No. 10 at 15. This allegation against Davey in his supervisory

3

capacity is too vague and conclusory to support an inference that Davey "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045. Furthermore, plaintiff does not allege that Davey knew of a substantial risk to plaintiff's safety prior to the attack and failed to take reasonable measures to prevent it. *See Labatad*, 714 F.3d at 1160. Rather, plaintiff alleges that Davey failed to address properly the grievance against Torres and Hoggard after the attack had already occurred. These allegations do not state a § 1983 claim. *See Thompson v. Mauck*, No. CIV S-09-3478-CMK-P, 2010 WL 4235753, at *1 (E.D. Cal. Oct. 21, 2010), *aff'd*, No. CIV S-09-3478-JAM, 2011 WL 2909886 (E.D. Cal. July 18, 2011) (prisoners generally do not state a § 1983 claim against prison officials alleged to have ignored or failed to address properly inmate grievances).

Plaintiff alleges that proposed defendant Sexton chaired the same ICC hearing as was attended by defendants Torres and Sexton, which resulted in plaintiff's return to KVSP. *See* ECF No. 42 at 2-3. The operative complaint in this case, ECF No. 10, alleges as follows:

> 7. On January 12, 2016, plaintiff handed defendant J. Torres a two page written statement that he prepared and asked her would she make it a part of the classification committee record.
> 8. Defendant J. Torres took the statement, briefly read it and answered yes.
> . . .
> 10. In his two page written statement plaintiff expressed in detailed terms to the classification committee that he had been [calculatedly] set up in a retaliatory fashion by prison staff at Folsom State Prison and (KVSP) which caused him great suffering and injuries.
> 11. Plaintiff explained in his written statement to the classification committee that prior to the incident that occurred at (KVSP) which resulted in the (SHU) term that he was serving he was earnestly seeking mental health treatment.
> 12. Defendant J. Torres, as the third member of the Institutional Classification Committee at Corcoran State Prison which is defined as the "Recorder" was obligated by institutional policy to express plaintiff's needs, concerns, case factors and requests.
> 13. Three or four days after the Classification Committee hearing was held, plaintiff received a chrono via institutional mail showing the actions that took place at the hearing.
> 14. Not only did J. Torres elect not to enter plaintiff's written statement into the classification record or verbally express critical case factors, she knowingly recommended plaintiff be sent back to the same prison where the racial riot occurred (KVSP) in which many prisoners were stabbed, beaten, pepper sprayed and where the Hispanic prisoners who came to the aid of the Hispanic prisoner who plaintiff had a fight with were identified in incident reports as a Security

Threat Group (STG).

ECF No. 10 at 12-13.  These allegations indicate that defendant Torres did not share plaintiff's written statement with the other two members of the ICC at the January 21, 2016 hearing resulting in plaintiff's return to KVSP.  Nothing in the proposed amendment indicates that Sexton knew about or received plaintiff's written statement from Torres.  Therefore, plaintiff has not sufficiently alleged that Sexton knew of a substantial risk of serious harm to plaintiff.  Accordingly, the allegations in the proposed amendment do not plausibly state an Eighth Amendment failure to protect claim against Sexton, and the proposed amendment is futile.  *See Labatad*, 714 F.3d at 1160.

**D.  Conclusion**

Plaintiff's motion for leave to file an amended complaint, ECF No. 42, is denied.

IT IS SO ORDERED.

Dated:   December 5, 2018

UNITED STATES MAGISTRATE JUDGE