UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOY TERRELL SMITH, | Case No. 1:16-cv-01924-LJO-JDP |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS |
| v. | |
| J. TORRES, *et al.*, | ECF No. 45 |
| Defendants. | SEVEN-DAY DEADLINE |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He is proceeding on an Eighth Amendment failure to protect claim in his first amended complaint against defendants J. Torres and M. Hoggard.[1] ECF No. 10; ECF No. 11. Plaintiff alleges that he was improperly approved for transfer from California State Prison-Corcoran ("Corcoran") to Kern Valley State Prison ("KVSP"), where he had previously been involved in a racial riot. *See* ECF No. 11 at 12-13. Upon his return to KVSP, plaintiff was attacked by another KVSP inmate. *See id*. at 15.

Plaintiff alleges that, at a January 21, 2016 Institutional Classification Committee ("ICC") hearing at Corcoran before his transfer to KVSP, correctional counselor Torres refused to enter plaintiff's written statement about known threats into the classification record and that she had knowledge of the threats when she recommended that plaintiff be sent back to KVSP. *See id*. at 12-13. Plaintiff filed an administrative grievance against counselor Torres. *See id*. at

---

[1] Plaintiff has dismissed his claims against J. Acebedo. *See* ECF No. 58.

1

13. Correctional counselor Hoggard interviewed plaintiff concerning the grievance. *See id*. Plaintiff alleges that counselor Hoggard had the authority to alter the decision to transfer plaintiff to KVSP but chose to leave the transfer in place. *See id*.

On October 15, 2018, plaintiff filed a motion to compel seeking production of: (1) his complete deposition transcript; and (2) a confidential inquiry report created in connection with plaintiff's administrative grievance against Counselors Hoggard and Torres. ECF No. 45. In response to plaintiff's motion to compel, defendants state that: (1) they did not provide a copy of the deposition transcript because plaintiff is required to pay the court reporter to receive it; and (2) they did not produce the confidential inquiry report because it is protected by the official-information privilege and the contents of the report are not relevant. ECF No. 51 at 2.

On November 26, 2018, the court partially granted plaintiff's motion to compel and directed the production of the deposition transcripts to plaintiff. ECF No. 54. The court further directed defendants to submit to the court for *in camera* review documents responsive to plaintiff's request for production No. 6, which defendants withheld based on their asserted privacy rights and official-information privilege. *Id*. at 2-3. Defendants submitted the documents for *in camera* review the following day. *See* ECF No. 55. The eleven-page submission consists of: (1) a cover page; (2) a two-page "confidential supplement to appeal" report, dated March 7, 2017; and (3) eight pages of exhibits consisting of copies of plaintiff's inmate appeals.

Because the eight pages of exhibits consist of information already in plaintiff's possession, the only issue before us is whether the two-page report is subject to disclosure to plaintiff. The defendants contend that it was properly withheld because: (1) it is not relevant; and (2) it is protected from disclosure under the official-information privilege. Neither argument is persuasive.

The two-page report contains information pertaining to the allegations in plaintiff's first amended complaint concerning defendants' knowledge of a risk to plaintiff's safety if he were transferred from Corcoran to KVSP, where he had previously been involved in a racial riot. For purposes of discovery, this information is relevant to plaintiff's claims in this case and

proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Defendants' arguments concerning relevance are aimed at the potential admissibility of the report and the amount of weight it should receive. *See* ECF No. 51 at 8-9. This is not the proper inquiry at this stage of the proceedings. *See* Fed. R. Civ. P. 26(b)(1) (stating that relevant information for purposes of discovery need not even be admissible evidence in another stage of the proceedings). Defendants' objection concerning relevance is overruled.

Likewise, defendants' objection that the two-page is report is protected under the official information is overruled. This circuit recognizes a qualified privilege for official information. *See Seminara v. City of Long Beach*, 68 F.3d 481 (9th Cir. 1995) (unpublished) (citing *Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976)). Defendants first contend that the two-page is report is confidential under Title 15 of the California Code of Regulations, which provide that the "confidential report" must not be provided to the prisoner who is the subject of the report. *See* Cal. Code Regs. tit. 15, § 3084.9(i)(3)(B)(1).

The mere labeling of a class of documents as "confidential" in a government regulation, by itself, does not permit the State of California to withhold otherwise discoverable information in federal litigation. *See Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774, 776 n.4 (9th Cir. 1994) ("When the government is named as a party to an action, it is placed in the same position as a private litigant, and the rules of discovery in the Federal Rules of Civil Procedure apply.") (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958)). The state of California's regulations cannot trump the Federal Rules of Civil Procedure. *See id*.

Instead, the court "must employ a balancing test, weighing the potential benefits of disclosure against the potential disadvantages" in deciding whether the information sought is subject to protection under the official information privilege. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991). Defendants advance policy reasons for why the type of report at issue in this case should generally be protected. *See* ECF No. 51 at 6-8. We have no doubt that preventing disclosure of law-enforcement techniques and procedures,

preserving the confidentiality of sources, protecting witness and law enforcement personnel, safeguarding privacy of individuals involved in an investigation, and otherwise preventing interference with an investigation are important policy reasons for applying the privilege in a particular case. *See Brooks v. Cty. of San Joaquin*, 275 F.R.D. 528, 532-33 (E.D. Cal. 2011) (discussing the policy reasons behind protecting disclosure of certain type of information). However, defendants have set forth no specific argument as to how these interests would be advanced by prohibiting disclosure in the instant case.

We have reviewed the contents of the two-page report and conclude that the benefits of disclosure outweigh the disadvantages. The document will provide relevant information to plaintiff concerning the allegations in the first amended complaint and could be useful to plaintiff for cross-examination purposes. It does not appear that security concerns would be raised by the production of the document to plaintiff. Disclosure of the contents of the document to plaintiff will not reveal law-enforcement techniques and procedures or interfere with any investigation. No confidential sources are named, and no information will be revealed that will violate any individual's privacy rights.

**ORDER**

Accordingly,

1. Plaintiff's motion to compel is granted in part. ECF No. 45.
2. Within 7 days of this order, defendants are ordered to produce documents responsive to plaintiff's request for production No. 6 withheld based on defendants' privacy rights and official information privilege. *See* ECF No. 51-1 at 15-17.

IT IS SO ORDERED.

Dated:   January 3, 2019

_____
UNITED STATES MAGISTRATE JUDGE