UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOY TERRELL SMITH,<br><br>          Plaintiff,<br><br>    v.<br><br>J. TORRES, *et al.*,<br><br>          Defendants. | Case No. 1:16-cv-01924-LJO-JDP<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>ECF No. 57<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>ECF No. 66<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO OPPOSE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>ECF No. 71 |

    Plaintiff Toy Terrell Smith is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He has filed three motions that are now before the court. We will discuss each in turn.

**I.    Motion to Appoint Counsel**

    On December 6, 2019, plaintiff moved for the appointment of counsel. ECF No. 57. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require that an attorney represent plaintiff under 28 U.S.C. § 1915(e)(1), *see Mallard v. United States District Court for the*

1

*Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel under § 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, "a district court must evaluate both the likelihood of success on the merits [and] the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

Though plaintiff lacks legal experience and has "bouts of depression, lethargy and the inability to function properly at times," ECF No. 57 at 2, the court finds that plaintiff is able to articulate his claims and that the issues in this case are not overly complex. Plaintiff's request is therefore denied without prejudice. Should plaintiff's claims survive summary judgment, plaintiff may renew his motion.

## II. Motion for Reconsideration

On September 24, 2018, plaintiff moved for leave to amend his complaint, seeking to add two defendants. ECF No. 42. On December 6, 2018, the court, finding that the proposed amendment failed to state a claim against either proposed defendant, denied his motion. ECF No. 56. Nearly two months later, on January 28, 2019, plaintiff filed a "Motion in Opposition to the Court's Order Denying Plaintiff's Motion for Leave to File Amended Complaint," ECF No. 66, which we construe as a motion for reconsideration.

Under Local Rule 303(b), rulings by magistrate judges are "final if no reconsideration thereof is sought from the Court within fourteen (14) days" of service of the magistrate judge's ruling. Here, the order denying plaintiff's motion to amend was issued on December 6, 2018, and plaintiff's motion for reconsideration was filed on January 28, 2019, well after the fourteen-day limit for seeking reconsideration had expired. Thus, plaintiff's request for reconsideration is denied as untimely.

## III. Motion for Extension of Time

On February 15, 2019, defendants moved for summary judgment. ECF No. 69. Plaintiff

had twenty-one days to oppose defendants' motion under Local Rule 230(l), but he failed to do so.

On April 4, 2019, plaintiff filed an untimely motion requesting an extension of time. ECF No. 71. In it, he explains that he has been unable to respond to defendants' motion "due to circumstances beyond his control." *Id.* at 1. Specifically, plaintiff alleges that his law library access has been restricted. *Id.* at 2-3. Thus, he also requests that the "court direct the Warden (Custodian) of the California Substance Abuse Treatment Facility to grant and afford plaintiff reasonable library access." *Id.* at 3.

The court will grant plaintiff's request for an extension of time, but the court cannot issue directives to the Warden of California Substance Abuse Treatment Facility; we lack the personal jurisdiction to do so. Nevertheless, the court is cognizant that plaintiff's ability to access the law library may impact his ability to litigate this action in a timely and effective manner. Accordingly, the court will request the assistance of the Litigation Coordinator at California Substance Abuse Treatment Facility in ensuring that plaintiff is afforded adequate opportunities to access the law library, to the extent doing so is consistent with institutional order and security. *See Whitley v. Albers*, 475 U.S. 312, 321-322 (1986) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." (internal quotation omitted)). The clerk's office will be directed to serve a copy of this order on the Litigation Coordinator.

**IV. Order**

Accordingly,

1. Plaintiff's motion for the appointment of counsel, ECF No. 57, is denied.
2. Plaintiff's motion for reconsideration, ECF No. 66, is denied.
3. Plaintiff's motion for an extension of time and order directing the warden to grant library access, ECF No. 71, is partially granted:
    a. Plaintiff must respond to defendants' motion for summary judgment, ECF No. 69, within thirty days of this order.

3

    b. The clerk's office shall serve a copy of this document on the Litigation Coordinator at California Substance Abuse Treatment Facility.

    c. The Litigation Coordinator's assistance is requested in facilitating plaintiff's meaningful access to the law library.

 4. Failure to comply with this order may result in dismissal of this action.

IT IS SO ORDERED.

Dated:  April 9, 2019

                UNITED STATES MAGISTRATE JUDGE