|     |     |
| --- | --- |
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |
| TOY TERRELL SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>J. TORRES, *et al.*,<br><br>    Defendants. | Case No. 1:16-cv-01924-LJO-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 69 |

Plaintiff Toy Terrell Smith is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Terrell alleges that defendants J. Torres and M. Hoggard, both correctional counselors at California State Prison Corcoran, were deliberately indifferent to his safety and so violated the Eighth Amendment by recommending that he be returned to Kern Valley State Prison. *See* ECF No. 10 at 13. On February 15, 2019, Torres and Hoggard moved for summary judgment under Federal Rule of Civil Procedure 56, arguing that the move was not objectively dangerous, that the defendants were not subjectively indifferent to any danger, that Smith cannot establish causation, and that defendants Torres and Hoggard are entitled to qualified immunity. *See* ECF No. 69-2 at 1-2. Smith filed an opposition on May 13, 2019, and the defendants filed a reply on May 21. *See* ECF Nos. 73 and 74.[1]

---

[1] As required by *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998), defendants gave plaintiff notice of the requirements for opposing a summary judgment motion via an attachment to the motion for summary judgment. *See* ECF No. 69-1.

I recommend granting defendants' motion for summary judgment. When Smith's allegations are viewed in their most favorable light, they fail to show that the decision to move him to Kern Valley State Prison posed an objective, substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (holding that an Eighth Amendment failure to protect claim must allege that there was "objectively" a "substantial risk of serious harm" to which defendant was indifferent). Because Smith's speculative and general allegations do not satisfy the objective risk requirement, I do not reach defendants' alternate claimed bases for summary judgment.

### I. Factual Background

In early 2016, Smith was an inmate at Corcoran State Prison. Defendant Torres approached Smith about placement at a different facility. ECF No. 73 at 2. Torres presented Smith with a list of prisons to which he might be transferred, but Smith "informed her that he was not interested in any of them because none of them were mental health care treatment facilities." *Id*. Smith also gave Torres a two-page statement intended to inform the committee making the facility assignment. The committee, which included both Smith and Hoggard, recommended based on a variety of factors that Smith be sent to Kern Valley State Prison, where he was previously housed. Smith had been involved in a violent incident and riot at Kern Valley, *see generally id*. at 21 ("Exhibit B"), and did not want to be returned there. Smith appealed the committee's decision and met with Hoggard concerning the appeal. *Id*. at 4. Smith's appeal was unsuccessful. He was transferred back to Kern Valley, where he was attacked.

### II. Legal Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if a reasonable trier of fact could find in favor of either party at trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The disputed fact is material if it "might affect the outcome of the suit under the governing law." *See id.* at 248.

1       The party seeking summary judgment bears the initial burden of demonstrating the
2 absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325
3 (1986). Once the moving party has met its burden, the non-moving party may not rest on the
4 allegations or denials in its pleading, *Anderson*, 477 U.S. at 248, but "must come forward with
5 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co.,*
6 *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).

7       In making a summary judgment determination, a court "may not engage in credibility
8 determinations or the weighing of evidence," *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir.
9 2017) (citation omitted), and it must view the inferences drawn from the underlying facts in the
10 light most favorable to the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654,
11 655 (1962) (per curiam); *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002).

12       As detailed below, defendants have met their burden of showing the absence of a genuine
13 issue of material fact, and Smith has not shown that there is an issue for trial.

14 **III. Analysis**

15       The Eighth Amendment of the United States Constitution protects prisoners against a
16 prison official's "deliberate indifference" to "a substantial risk of serious harm." *Farmer*, 511
17 U.S. at 828 (1994). "Deliberate indifference" has both an objective and subjective component:
18 there must be an objective risk to inmate safety, and the official in question must also "draw
19 the inference" that the risk exists and disregard it. *Id.* at 837; *see also Clement v. Gomez*, 298
20 F.3d 898, 904 (9th Cir. 2002) (describing subjective and objective components). For a risk to
21 be objectively "substantial" it must be more than merely possible, since prisons are, "by
22 definition," institutions "of involuntary confinement of persons who have a demonstrated
23 proclivity for anti-social criminal, and often violent, conduct." *Hudson v. Palmer*, 468 U.S.
24 517, 526 (1984); *see also Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (noting that
25 the "known risk of injury must be a strong likelihood, rather than a mere possibility before a
26 guard's failure to act can constitute deliberate indifference" (internal quotation marks
27 omitted)). For this reason, "speculative and generalized fears of harm at the hands of other
28

prisoners do not rise to a sufficiently substantial risk of serious harm." *Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007).

Even when viewed in their most favorable light, Smith's allegations do not show that being moved to Kern Valley created a substantial risk of serious harm. While his statement to the corrections committee mentioned the past riot at Kern Valley, it mentioned no specific threats that would attend to his being housed there in the future. *See* ECF No. 73 at 19-20; *see also* Cal. Code Regs., tit. 15 § 3378(b)(2) ("Any offender who claims enemies shall provide sufficient information to positively identify the claimed enemy."). Smith's statement also mentioned several other violent encounters at other facilities involving Smith—all of which were mentioned not for the purpose of showing that a move to Kern Valley would be substantially dangerous, but that Smith was repeatedly "set up for harm if not death" by the system more generally, and that all Muslims (like Smith) were mistreated by the California Department of Corrections and Rehabilitation. *Id*. An incident report on the Kern Valley riot likewise raised no specific and substantial risks that would attend to transferring Smith to a part of the Kern Valley facility where Smith had no documented enemies. *See generally id*. at 21 ("Exhibit B"). Smith's claims about the move—fears that many prisoners might unfortunately face—are too "speculative and generalized" to amount to a substantial risk of serious harm or preclude summary judgment in defendants' favor. *Williams*, 223 F. App'x at 671; *see also Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1161 (9th Cir. 2013) ("The record, viewed objectively and subjectively, is insufficient to preclude summary judgment on the claim that . . . officials were deliberately indifferent to a substantial risk that" one prisoner would assault another, since the two prisoners in question "had been in general population together for an extended period with no record of any threats or problems between them."). While reasonable minds might disagree over the best place to house Smith, a mere difference of opinion does not create a substantial risk. *Cf. Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).

**IV. Findings and Recommendations**

For the foregoing reasons, I recommend that:

1. The court grant in full defendant's motion for summary judgment, ECF No. 69.

4

2. This case be dismissed without prejudice.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   August 23, 2019

UNITED STATES MAGISTRATE JUDGE

No. 205